**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WARREN AIKEN, JR.,**

    **Plaintiff,**

**vs.**                                    **Case No. 4:10cv274-MP/WCS**

**MR. J. SELLER,
et al.,**

    **Defendants.**

                                /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has submitted a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff did not submit the filing fee for this case, nor did he file an *in forma pauperis* motion. Those deficiencies should be addressed by the proper court to consider this case.

Plaintiff is incarcerated at Columbia Correctional Institution, although Plaintiff failed to properly complete page two of the complaint form. The complaint names persons who are located in Lake City, Florida (also at Columbia Correctional Institution) or in Fort Lauderdale. No Defendants are located in the Northern District of Florida, and it is not likely that Plaintiff has claims which took place in this District. Because Plaintiff's complaint is not sufficiently alleged, that fact is not entirely clear.

Nevertheless, the issues of the complaint and the filing fee should be addressed by the proper court.

Because Columbia C. I. is located in the Middle District of Florida, as are most of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2010.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**